IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 3:12-376 |
| | ) | 3:12-377 |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| SIDNEY L. MYERS | ) | |
| | ) | |

## General Provisions

This PLEA AGREEMENT is made this 20th day of July , 2012, between

the United States of America, as represented by United States Attorney WILLIAM N. NETTLES,

Assistant United States Attorney Dean A. Eichelberger; the Defendant, **SIDNEY L. MYERS**, and

Defendant's Attorney, Katherine E. Evatt, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as

follows:

1.      The Defendant agrees to plead guilty to Count two of the Indictment now pending in

Criminal Number 3:12-376, which charges possession of materials containing images of

child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B);

2.      The Defendant also agrees to plead guilty to Count one of the Indictment now pending in

Criminal Number 3:12-377, which charges willfully making a threat to damage buildings at

Eau Claire High School by means of an explosive, in violation of Title 18, United States

Code, Section 844(e).

In order to sustain its burden of proof as to these offenses, the Government is required to

prove the following:

**Count 2. Cr. No. 3:12-376 (Possession of Child Pornography)**

ONE:          The defendant possessed an item or items which contained an image or images of child pornography;

TWO:          The child pornography had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; and

THREE:          That at the time of such possession the defendant believed that such image or images constituted child pornography.

MAXIMUM PENALTY

Imprisonment:          10 years
Fine:          $250,000
Supervised Release:   5 years to life
Special Assessment:   $100

**Count 1. Cr. No. 3:12-377 (Bomb Threat)**

First, the defendant used a means of interstate commerce.  This includes a telephone;

Second, the defendant made a threat, or maliciously conveyed false information knowing the same to be false;

Third, the threat or malicious information concerned an attempt or alleged attempt to kill, injure, or intimidate another; to damage or destroy any building, vehicle, real or personal property by means of fire or explosive; and

Fourth, the defendant acted willfully.

MAXIMUM PENALTY

Imprisonment:          10 years
Fine:          $250,000
Supervised Release:   3 years
Special Assessment:   $100

3.      The Defendant agrees to provide detailed financial information to the United States

Probation Office prior to sentencing. The Defendant understands and agrees that monetary

penalties [i.e., special assessments, restitution, fines and other payments required under the

sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

(A)    Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

(B)    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the government in identifying all victims.

(C)    Fines: The Defendant understands that the Court may impose a fine pursuant

-3-

to 18 U.S.C. §§ 3571 and 3572.

4.      Provided the Defendant complies with all the terms of this Agreement, the United States

agrees to move to dismiss the remaining counts of the Indictments [and any other indictments

under this number] at sentencing.  The Defendant understands that the Court may consider

these dismissed counts as relevant conduct pursuant to § 1B1.3 of the United States

Sentencing Guidelines.

5.      The Defendant understands that the matter of sentencing is within the sole discretion of the

Court and that the sentence applicable to Defendant's case will be imposed after the Court

considers as advisory the United States Sentencing Commission Guidelines, Application

Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code,

Section 3553(a).  The Defendant also understands that Defendant's sentence has not yet been

determined by the court, and that any estimate of a probable sentencing range Defendant may

have received from Defendant's attorney, the Government or the United States Probation

Office is only a prediction, not a promise, and is not binding on the Government, the

Probation Office or the Court.  The Defendant further understands that the Government

retains the right to inform the Court of any relevant facts, to address the Court with respect

to the nature of the offense, to respond to questions raised by the Court, to correct any

inaccuracies or inadequacies in the presentence report, to respond to any statements made to

the Court by or on behalf of the Defendant and to summarize all evidence which would have

been presented at trial to establish a factual basis for the plea.

6.      The Defendant agrees that all facts that determine his offense level under the Guidelines and

pursuant to any mandatory minimum (including facts that support any specific offense

-4-

characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

7.  The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

8.  In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

9.  The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The

failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void.  Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    (A)    the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

    (B)    all additional charges known to the Government may be filed in the appropriate district;

    (C)    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    (D)    the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

10.    The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government.  Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

11.    The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable

guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The

provisions of this paragraph shall not be applied to restrict any such information:

    (A)    known to the Government prior to the date of this Agreement;

    (B)    concerning the existence of prior convictions and sentences;

    (C)    in a prosecution for perjury or giving a false statement; or

    (D)    in the event the Defendant breaches any of the terms of the Plea Agreement.

12.    The Defendant understands and agrees that the dismissal of the remaining counts as

contemplated in Paragraph 4 of this Plea Agreement will be in lieu of any motion for

downward departure pursuant to Section 5K1.1 of the U.S.S.G. or Rule 35(b) of the Federal

Rules of Criminal Procedure.

### Merger and Other Provisions

13.    The parties agree that if the Court determines the Defendant has readily demonstrated

acceptance of responsibility for his offenses, that USSG § 3E1.1(a) applies, thereby

providing for a decrease of two (2) levels. In addition, if the Defendant qualifies for a

decrease under § 3E1.1(a), the Government will move that he receive the one level decrease

set forth in § 3E1.1(b), and requests that this provision be considered as that request. The

government understands that the Defendant intends to ask the Court to impose a sentence

that is outside of the applicable sentencing guideline (with particular emphasis on the child

pornography charges in Cr. No. 3:12-376). The government reserves the right to oppose any

such motion, but it agrees that it will not take the position that such a request is inconsistent

with acceptance of responsibility, nor will it take the position that such a request should act

as a bar to the additional 1 level decrease pursuant to Guideline Section 3E1.1(b).

14. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witness, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to his Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

15. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any

post-sentencing matters.

16.     The Defendant waives all rights, whether asserted directly or by a representative, to request

or receive from any department or agency of the United States any records pertaining to the

investigation or prosecution of this case, including without limitation any records that may

be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974,

5 U.S.C. § 552a.

17.     The parties hereby agree that this Plea Agreement contains the entire agreement of the

parties; that this Agreement supersedes all prior promises, representations and statements of

the parties; that this Agreement shall not be binding on any party until the Defendant tenders

a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be

modified only in writing signed by all parties; and that any and all other promises,

representations and statements, whether made prior to, contemporaneous with or after this

Agreement, are null and void.

| | |
|---|---|
| 7/20/2012 | SIDNEY L. MYERS, Defendant |
| DATE | |
| 7/20/2012 | Katherine E. Evatt |
| DATE | Attorney for the Defendant |

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

| | |
|---|---|
| 7/20/2012 | BY: _____ |
| DATE | Dean A. Eichelberger |
| | Assistant U. S. Attorney |